No. 4568.

SAMUEL FISHER, Guardian, *v.* F. D. TUNNARD.

There is no law which directs a book to be kept in the Parish Recorders' offices for the recording of tutors' bonds, and this court is not satisfied that the recording of a tutor's bond in a book kept for the recording of any particular kind of bonds, or for the recording generally of bonds of every kind, would suffice to operate as notice of a minor's mortgage, where in the same office are kept the books in which the law directs mortgages to be inscribed.

It has been frequently held that in the country parishes the registry of a mortgage in the conveyance book in which all mortgages and privileges are recorded, is sufficient, if separate books be not kept; but if there be a separate registry of mortgages, the mortgage must be inscribed in it.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. *Posey,* J. *S. P. Greves,* for plaintiff and appellant. *Fuqua & Callihan,* for defendant and appellee.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

TALIAFERRO, J. W. F. Tunnard was appointed tutor to Lucy M. Phillips in 1855. His bond as tutor was recorded sixteenth of July,

1855, in Book A of Bonds, in the recorder's office. The tutor's final account was homologated on the twenty-first of July, 1865. The judgment of homologation authorized the tutor to execute a mortgage on a certain house and lot in Baton Rouge as additional security. This judgment was recorded in Book of Judicial Mortgages on the twenty-eighth of July, 1865. The special mortgage as additional security was recorded, but the date of the recording is not shown.

Two creditors of Tunnard, the tutor, obtained judgments against him, which were recorded on the twenty-second of July, 1865. Executions were issued on these judgments, and the property specially mortgaged by Tunnard as additional security in favor of the minor, was seized and sold, and the defendant, in this case, became the purchaser. On the decease of W. F. Tunnard, the first tutor of the minor, the plaintiff, Fisher, became her guardian, receiving the appointment in Warsaw county, State of New York. He brings this hypothecary action to enforce the minor's mortgage against the property mortgaged by the former tutor as additional security for the tutorship. He alleges that the former tutor qualified in that capacity in 1855, by giving bond according to law, "which bond was duly recorded in the recorder's office of said parish in the book specially provided for the recording of tutors' bonds, in order to create a mortgage upon the real estate of tutors, and according to law."

The defendant denies that the bond of Tunnard, as tutor, was ever recorded in the mortgage records of the parish in conformity with law. He further contends that the judgments under which the property was sold, having been recorded prior to the recording of the judgment homologating the account of the tutor, Tunnard, the judicial mortgages resulting therefrom, take precedence of that of the minor's judgment. Judgment was rendered in favor of the defendant, and the plaintiff has appealed. The prominent question in the case is, did the recording of the tutor's bond in 1855 in the ' Book of Bonds" fulfill the requirements of law in regard to the recording of acts which are to operate as notice to the world of the existence of mortgages?

We have not been directed to any law, and we have found none, which directs a book to be kept in the recorders' offices for the recording of tutors' bonds. We are not satisfied that the recording of a tutor's bond in a book kept for the recording of any particular kind of bonds, or for the recording generally of bonds of every kind, would suffice to operate as notice of the minor's mortgage, where, in the same office, are kept the books in which the law directs mortgages to be inscribed. C. C. 3388, 3390.

. It is shown that in the recorder's office of East Baton Rouge, separate books are kept for recording the different kinds of martgages. "A legal registry alone gives effect to the mortgage against third per-

sons, as to whom it is valid, not as executed, between the parties, but as recorded " 2 An. 917. It has been frequently held that in the country parishes the registry of a mortgage in the conveyance book in which all mortgages and privileges are recorded is sufficient if separate books be not kept; but if there be a separate registry of mortgages, the mortgage must be inscribed in it. 2 An. 438, 800; 5 An. 154; 6 An. 162; 2 An. 251. We are not prepared to say there is error in the decision of the lower court.

It is therefore ordered that the judgment of the district court be affirmed with costs.