ANNIE FLANIGAN *vs.* FANNIE SABLE and another.

44  417
45  120

October 28, 1890.

**Leave to Answer properly Denied.**—Defendants' application for leave to answer *held* to have been properly denied, for the reason that their proposed answer did not state a defence.

**Merger—Equity Rule Controls.**—As to whether there has been a merger of a lesser estate in a greater, the equity rule, as distinguished from the rule at law, will be applied regardless of the nature or form of the action.

Appeal by defendants from an order of the district court for Ramsey county, *Brill,* J., presiding, denying their motion to file a proposed answer, made after their demurrer to the complaint had been stricken out as frivolous, and judgment for $1,498.40 entered for plaintiff.

*Williams & Schoonmaker,* for appellants.

*James E. Markham,* for respondent.

MITCHELL, J. The application of defendants for leave to answer was properly denied, for the reason that the proposed answer stated no defence. The action was on certain promissory notes executed by the defendants to the Minnesota Loan & Trust Company, and by it assigned to the plaintiff. The proposed answer, after admitting the execution and assignment of the notes, alleged that to secure these notes the defendants executed to the loan and trust company a mortgage on certain real estate; that afterwards they executed to plaintiff another mortgage on the same property to secure $2,500; that thereafter, default having been made by them in the conditions of the latter mortgage, the plaintiff foreclosed it under a power, and on September 27, 1888, sold the premises for the amount due thereon, from which sale there was no redemption, and thereupon the plaintiff be-

v.44M.—27

came the owner of the fee; that on June 6, 1889, the loan and trust company assigned its mortgage, and the notes secured thereby, to plaintiff. The sole contention of defendants is that upon this state of facts the mortgage purchased by the plaintiff from the loan and trust company became merged in the fee acquired by her on the foreclosure of the other mortgage, and that where a mortgage thus merges the debt is thereby extinguished.

At law, the rule was that a merger always takes place when a greater estate and a less coincide and meet in one and the same person, in one and the same right, without any intermediate estate; but in equity the rule was that the question whether there was a merger was one of intention, actual or presumed, of the person in whom the interests were united, and that this was one of fact generally to be determined by the interest of the party, although all the equitable circumstances of the case were to be considered. The distinction in practice between law and equity having been abolished, and both legal and equitable remedies being now administered by the same court and in the same action, there is no reason why the rule at law, which was merely technical, should obtain in any case; but the equity rule should always be applied, regardless of the form of action. The proposed answer in this case does not allege a single fact or equitable circumstance tending to evoke the doctrine of merger. The plaintiff was not under any obligations to pay the first mortgage; neither is it alleged that the sale on plaintiff's mortgage was made subject to it. When she foreclosed she was not the owner of the first mortgage. In fact it is not alleged that she then had any notice, actual or constructive, of its existence. Had any facts existed entitling defendants, upon payment of the second mortgage, to be subrogated to the rights of the mortgagee, equity, in order to protect them, might have treated the first mortgage as merged in the fee; but no such facts are alleged.

Order affirmed.