WILLIAM P. MARSTON *vs.* RICHARD R. WILLIAMS and others.

December 22, 1890.

**Mortgage by Absolute Deed and Defeasance—Effect of Record of Deed Alone.**—Where a mortgagee of real property takes and properly records an absolute conveyance to himself from the mortgagor, instead of a mortgage in common form, his rights are fully protected, without the recording of an instrument of defeasance, which he may have executed and delivered to the mortgagor.

**Same—Lien of Judgment against Mortgagor—Purchaser from Mortgagee with Notice.**—Judgments properly docketed against such a mortgagor are liens upon his equity of redemption in the premises, and an action to have them so declared may be maintained against a subsequent purchaser having knowledge of the facts, and holding the land under a deed direct from the mortgagee.

Appeal by plaintiff from a judgment of the district court for Blue Earth county, where the action was tried by *Severance, J.*

*Lorin Cray*, for appellant.

*Thos. Hughes*, for respondents.

COLLINS, J. On November 5, 1880, defendant Williams, then in actual possession of 200 acres of land under a contract for its pur-

chase made with a railway corporation, and being unable to pay for the same, borrowed of defendant Thomas O. Jones the sum of $1,500 for the purpose of making full payment and securing a deed of the land. On that day, using the $1,500 and $100 of his own money, he paid for the land, and thereupon, by deed dated October 29, 1880, the railway corporation duly conveyed the same to Williams. On the first day named, Williams and his wife, for the purpose of securing the payment of the borrowed money, executed and delivered to defendant Thomas O. Jones a deed of warranty of 199 acres of the land so purchased from the corporation, one acre thereof having been previously sold to another party. These deeds were duly recorded on the 8th day of November, 1880. At the time of the execution and delivery of the deed last mentioned, Jones, the grantee therein, with his wife, made, executed, and delivered to Williams, one of the grantors, a land contract in the usual form, agreeing to sell and convey to Williams, his heirs and assigns, the land in question, upon being paid the sum of $1,500 and interest, at the time and in the manner therein prescribed. This contract was never recorded. Williams continued in actual occupancy of the premises, and with his family resided on the same until March 1, 1884. He claimed one 80-acre tract as his homestead, and the court below found that it was his homestead up to the time that he removed, under the circumstances hereinafter stated. On March 1, 1884, defendant Williams, by a writing made upon the back of said land contract, duly witnessed and acknowledged, surrendered, assigned, and set over unto defendant Robert D. Jones all his right, title, and interest in the contract, under an agreement made between himself, said Robert D. Jones and Thomas O. Jones, that the latter should sell and convey the land therein described to said Robert D. Jones for the sum of $2,600, of which sum $600 should be paid to Williams, and the balance—which was the amount then due upon the land contract—should be paid to Thomas O. Jones. Thereupon the latter conveyed the premises to Robert D. Jones. As agreed upon, $600 of the amount to be paid for the land was paid to Williams, and on March 1, 1884, he removed from the same, surrendering possession to the purchaser. In the year 1883, three separate money

judgments had been obtained against Williams, and duly docketed in the office of the clerk of the district court for the county in which this land was situate, aggregating in amount the sum of $444.27. In two of these, plaintiff and one Perry were the judgment creditors. The plaintiff has, by proper assignment, succeeded to Perry's interest in these judgments, and he was the sole creditor named in the third judgment. No part of the judgments has been paid, except $236 on March 27, 1884. Executions were duly issued and placed in the hands of the proper officer, where they remained wholly unsatisfied when this action was commenced. The trial court found, in addition to the facts above stated, that none of these instruments executed and delivered by the defendants above named were made or procured with fraudulent design. It also found that the purchaser knew, at the time of the sale and conveyance to him on March 1, 1884, that Williams had obtained the sum of $1,500 from Thomas O. Jones in 1880, for the purpose and that it was used in paying the railway company for the land, and that thereupon the conveyance, absolute in form, from Williams and wife to said Jones, and the land contract signed by the latter, were executed and delivered. On the findings it was adjudged, as matters of law, by the court below, that the deed from Williams and wife to Thomas O. Jones and the contract from the latter to Williams constituted a mortgage upon the land, and that upon a surrender of the contract by Williams, and the conveyance to Robert D. Jones, the absolute title to the land vested in the latter. Judgment was entered on these findings and order in favor of defendants, and from this judgment plaintiff appeals.

The appellant concedes that the transaction of November 5, 1880, in which Williams and his wife gave their warranty deed of the premises to Jones, and the latter executed and delivered to Williams his contract to reconvey, upon being paid the exact sum loaned by him, with interest, constituted a mortgage. But his counsel argues that, as this mortgage was in two parts, one the unconditional deed, the other the defeasance, the recording of the deed alone was abortive and of no avail as against subsequent good-faith purchasers or incumbrancers, or as against creditors with judgments duly docketed,

without actual notice of the unrecorded defeasance; that, as the record of the deed was but the record of a part of the mortgage, it gave no notice to any one; that such record failed to protect the mortgagee; and that appellant's judgments were liens prior and superior to the rights of Thomas O. Jones, or the rights and title of his grantee, Robert D. Jones. Relying on these propositions, it was plaintiff's object in this action to have his judgments declared prior liens, and superior to the rights and title of either of said parties to the land. To sustain this position, appellant's counsel has cited cases from several of the New York and Pennsylvania reports, among others, *Dey* v. *Dunham*, 2 John. Ch. 182, and *Jaques* v. *Weeks*, 7 Watts, 261. To the same effect, *Fisher* v. *Tunnard*, 25 La. Ann. 179; *Gulley* v. *Macy*, 84 N. C. 434; and *Ives* v. *Stone*, 51 Conn. 446, may be noticed. In Louisiana, New York, and Pennsylvania, the conclusions reached were placed upon express statutory provisions, unlike our own, in regard to the registration of mortgages; the statute of New York, the purport of which is stated in *Benton* v. *Nicoll*, 24 Minn. 221, being an example. But in the Connecticut and North Carolina cases, *supra*, it is distinctly asserted that such a decision is demanded by a proper interpretation of the registry laws in their general intent and purpose, as designed to afford a protection against fraud. But the current of authority, in the absence of an express statute requiring, without qualification, the record of the defeasance, is that the rights of the mortgagee are fully protected by the recording of the deed, and without a record of the instrument by which the deed may be defeated. It is said that the record of a conveyance absolute in terms, being notice of a greater interest than the mortgagee really has, must be held adequate to protect his rights, and be treated as sufficient notice of his actual interest, whatever that may prove to be. *Bank of Mobile* v. *Tishomingo Sav. Inst.*, 62 Miss. 250; *Christie* v. *Hale*, 46 Ill. 117; *Kemper* v. *Campbell*, 44 Ohio St. 210, (6 N. E. Rep. 566;) *Knowlton* v. *Walker*, 13 Wis. 264; Webb, Record Title, §§ 137–139; 1 Jones, Mortg. § 548.

It was held in *Benton* v. *Nicoll*, *supra*, that a deed absolute in form, but a mortgage in fact, was properly recorded in a book kept for the recording of deeds, and that its defeasance—a bond in that

instance—was rightfully recorded in the book kept for miscellaneous records. And, further, that Rev. St. 1851, c. 46, § 27, now section 23, c. 40, Gen. St. 1878, repelled the inference that the statute in reference to the recording of deeds, mortgages, and other instruments contemplated the record of such a conveyance or deed in a book kept for the record of mortgages. The deed record being therefore the proper place for the recording of the conveyance from Williams and wife to Thomas O. Jones,—although it was a mortgage,—its record was notice to plaintiff of all rights which Jones could claim under it, without reference to the defeasance. Again, had the latter instrument properly appeared of record in its place among the miscellaneous records, the true condition of affairs would not have been disclosed. Such a record—the deed in the record-book of deeds, the contract in the book of miscellaneous records—would not appear to be the record of a mortgage. *Prima facie* the record of the two instruments would be that of a conditional sale,—*Buse* v. *Page*, 32 Minn. 111, (19 N. W. Rep. 736; 20 N. W. Rep. 95,)—but *prima facie* only; for the real character of the transaction might otherwise be obvious, and undoubtedly its real character could be made to appear, should occasion require. *Phœnix* v. *Gardner*, 13 Minn. 396, (430;) *Butman* v. *James*, 34 Minn. 547, (27 N. W. Rep. 66;) *Wakefield* v. *Day*, 41 Minn. 344, (43 N. W. Rep. 71.) The interest of Thomas O. Jones as a mortgagee was fully protected by a record of the absolute conveyance to him, and it may be added, in this connection, that there was no merger of his mortgage when the land was sold and conveyed to the defendant Robert D. Jones. *Flanigan* v. *Sable*, 44 Minn. 417, (46 N. W. Rep. 854.) The fact must be apparent that the plaintiff's judgments were liens upon the debtor's equity of redemption in the land, except as to the 80 acres which he occupied and held as a homestead. The record in the office of the register of deeds showed Thomas O. Jones to be the owner in fee of the land. Taking this record in connection with the unrecorded defeasance, and *prima facie* the transaction was a conditional sale to the judgment debtor, Williams. As a matter of fact, susceptible of proof, the debtor was a mortgagor holding an equity of redemption in the premises. There could be no method adopted by the mort-

gagor, the mortgagee, or the purchaser,—the latter, as found by the court, having knowledge of the facts,—by which the plaintiff could be deprived of his liens. As the record showed the title to the land to have gone absolutely from Williams, the debtor, to Jones, the mortgagee, years before the judgments were docketed, and thereafter to have passed directly to Jones, the purchaser, wholly failing to disclose the mortgagor's real interest when the judgments were docketed against him or at any subsequent time, the plaintiff was entitled, on the facts found, to a conclusion of law declaring these judgments to have been liens upon all of the land, except the homestead, subject and secondary to the mortgage interest held by Thomas O. Jones.

The case is remanded, with instructions to amend the judgment in accordance with these views.

NOTE. A motion for a reargument of this case was denied January 8, 1891.