## SIVERT THOMPSON v. FIRST NATIONAL BANK OF LUVERNE.[1]

June 13, 1930.

No. 27,898.

[1]Reported in 231 N. W. 234.

*Hansen & Engan,* for appellant.
*Canfield & Michael* and *E. H. Nicholas,* for respondent.

WILSON, C. J.

Defendant appealed from a judgment, plaintiff having prevailed in an action to quiet title to a farm. On April 29, 1925, Clayton Painter owned the farm, carrying a first mortgage for $12,000, a second mortgage for $600, and a third mortgage for $6,000. On June 9, 1925, defendant bank obtained two judgments against Painter for $7,319.18 and $535.63, respectively.

On September 4, 1926, the farm was sold on foreclosure of the second mortgage to Annis & Rohling, who on October 12, 1926, assigned the sheriff's certificate of foreclosure to P. C. Heimark as receiver of the National Bank of Luverne, it having closed its doors on December 24, 1925. This bank also owned the third mortgage.

On March 9, 1927, plaintiff purchased Painter's equity in the farm for $1,000. Because the scrivener did not know plaintiff's first name or initials he left the grantee in blank. The deed was delivered in blank, but while all the parties and witnesses were present Mr. Heimark was authorized by the grantors to insert plaintiff's name as grantee. Heimark agreed to do this and agreed to have the deed recorded. He took the deed but neglected to do either. Plaintiff then went into possession, where he has since remained. On the same day he borrowed money from defendant, a portion of which was used in the purchase. The trial court found "that the officers of the defendant bank were informed and knew that plaintiff went

into possession of said land on said 9th day of March, 1927, under a claim of absolute ownership under deed from Painter, and that he has ever since been in exclusive possession thereof under claim of ownership in fee."

On June 1, 1927, plaintiff paid the receiver $1,327.17 "in payment of the sheriff's certificate which Heimark then held as receiver." This related to the foreclosure of the second mortgage. Plaintiff received and recorded an assignment of such certificate. Plaintiff was advised and believed that by making such payment to the receiver that the second mortgage was paid and that he had thereby redeemed the land. The finding is equivalent to saying that this money was paid for the purpose of making a redemption.

On September 3, 1927, defendant, as a judgment creditor, filed notice of intention to redeem from the foreclosure sale of the second mortgage. On September 8, 1927, the bank attempted to redeem by giving the sheriff the necessary amount and receiving his certificate of redemption in the usual form, which is the basis of defendant's present claim of ownership. The court found that defendant at the time of such redemption knew that redemption had already been made by plaintiff.

On June 1, 1927, plaintiff purchased from the receiver the third mortgage for the purpose of building up his title to the land in question. To this end he proceeded to cause this mortgage to be foreclosed, intending that such mortgage should not merge in the fee. The court found that defendant knew this.

■ The deed in which the name of the grantee was so authoritatively inserted subsequent to delivery was valid. Board of Education v. Hughes, 118 Minn. 404, 136 N. W. 1095, 41 L.R.A. (N.S.) 637; Johnson v. Rost, 164 Minn. 154, 204 N. W. 642; Fisher v. Heller, 166 Minn. 190, 207 N. W. 498. See 32 A. L. R. 738.

■ The finding that defendant had full notice of plaintiff's right of possession is sustained by the evidence. It may also be said that such actual possession was notice to the world of plaintiff's right to possession and of all facts connected therewith which reasonable inquiry would disclose. Niles v. Cooper, 98 Minn. 39, 107 N. W.

744, 13 L.R.A.(N.S.) 49; Gaertner v. Western Elev. Co. 104 Minn. 467, 116 N. W. 945; Teal v. Scandinavian-Am. Bank, 114 Minn. 435, 131 N. W. 486; Butterwick v. Fuller & Johnson Mfg. Co. 140 Minn. 327, 168 N. W. 18; Oxborough v. St. Martin, 142 Minn. 34, 170 N. W. 707; Hauger v. J. P. Rogers Land Co. 156 Minn. 45, 194 N. W. 95; Watts v. Lundeen, 165 Minn. 300, 206 N. W. 444.

■ The evidence is sufficient to sustain the finding that plaintiff paid his money for which he was given an assignment of the certificate of foreclosure sale of the second mortgage for the purpose of making a redemption. He paid the mortgage debt. The form of the paper given him for his money is not controlling. Niles v. Cooper, 98 Minn. 39, 107 N. W. 744, 13 L.R.A.(N.S.) 49; Holterhoff v. Mead, 36 Minn. 42, 29 N. W. 675.

■ . It is equally clear that plaintiff acquired a third mortgage for the purpose of building up his title and with the deliberate design of not having it merge with his fee. Merger rests largely in intention, actual or presumed, of the person in whom the interests are united. His welfare is an important element. Flanigan v. Sable, 44 Minn. 417, 46 N. W. 854; Bagley v. McCarty Brothers Co. 95 Minn. 286, 104 N. W. 7; Schill v. Korthof, 147 Minn. 443, 180 N. W. 703; Guaranty Tr. Co. v. M. & St. L. R. Co. (D. C.) 33 F. (2d) 512, 530. If the intention has not been expressed the court will seek for it in all the circumstances involved. If it appears therefrom to be for the benefit of the party acquiring both interests that merger shall not take place but that the lesser estate shall survive, then his intention that such a result will follow will be presumed and equity will carry that intention into execution by preventing a merger. On the contrary, if from all the circumstances a merger would be disadvantageous to the party, then his intention that it should not result will be presumed. When there is a merger the lesser estate loses its identity by being absorbed or swallowed up by the larger estate which is not thereby increased.

■ Defendant makes several assignments of error relative to the exclusion and reception of evidence, but a careful study of each of them leads to the conclusion that they are insufficient to warrant

interference by us. The case is controlled by the trial court's determination of the facts.

Affirmed.