## M. HECTOR AND OTHERS v. ROYAL INDEMNITY COMPANY AND ANOTHER.[1]

No. 27,821.

January 30, 1931.

[1]Reported in 234 N. W. 643, 235 N. W. 675.

414

*Todd, Fosnes & Green,* for plaintiff-appellants.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for defendant-appellants.

DIBELL, J.

Action to recover for the conversion of a Holt caterpillar tractor. There was a verdict for $1,680.77 for the plaintiffs. The defendants moved for judgment notwithstanding the verdict or a new trial. The new trial was granted, and judgment was denied. The plaintiffs appeal from the granting of a new trial, and the defendants appeal from the denial of the motion for judgment.

The plaintiffs are M. Hector, H. P. Smith, trading as H. P. Smith & Company, and John N. Johnson, a subagent of Smith. The defendants are Royal Indemnity Company and Joseph A. Rogers Agency, Inc. Our conclusion is that the order should be affirmed on both appeals. The facts are involved, and we bring our state-

ment of the facts and discussion within as narrow limits as the evidence permits.

■ The new trial was granted upon the ground of errors of law occurring at the trial. The specific error was a failure to charge upon the subject of merger.

In 1921 Smith was engaged in selling, as agent, Holt caterpillar tractors. Johnson was his subagent. One Danks was a road contractor. The defendant indemnity company was Dank's surety on his bond for road construction. Smith sold Danks a Holt caterpillar tractor for $6,050. Danks paid $3,000 cash and gave one note for $2,000 and another for $1,050. The $1,050 note was payable to Smith and Johnson and represented their commission. Hector had some interest in it. The note for $2,000 was assigned to the Holt Manufacturing Company. Both notes were secured by chattel mortgages upon the tractor. The $2,000 mortgage was the prior one.

In his application for his bond Danks assigned to the defendant indemnity company his equipment, including the tractor, effective in the event of his default, as a part consideration for its becoming surety. About August 1, 1923, he defaulted. The indemnity company undertook the completion of his contract and took over his equipment, including the tractor. The defendants, so there is evidence, and this may be close to the straining point in the plaintiffs' case, but at the present a question of fact, undertook as a part of the taking over of the tractor to pay both mortgages. On October 10, 1923, the indemnity company purchased from the Holt Manufacturing Company, to which it had been assigned, the first or $2,000 chattel mortgage, taking title in the name of its agent Brushwood. The company was then in possession of the tractor, using it on the Danks job. In December it shipped it to Minneapolis. Later Brushwood conveyed the first mortgage to the defendant agency. The agency foreclosed on August 28, 1924. There seems no question but that whatever was done was done for the indemnity company. The plaintiffs did not foreclose. They claim that when the defendant agency, having the title to the tractor and

having agreed to pay the two mortgages, as their claim is, took title to the $2,000 mortgage there was a merger, and the subsequent foreclosure in August, 1924, and taking possession by the defendant company constituted a conversion of their mortgage interest, for they had a property interest in the mortgage and were entitled to possession to foreclose. There is evidence from which this conclusion might be reached. Of course the element of intent is of large importance in determining whether there is a merger. Thompson v. First Nat. Bank, 180 Minn. 552, 231 N. W. 234; Minneapolis Inv. Co. v. National Sec. Inv. Co. 178 Minn. 50, 226 N. W. 189; Quevli Farms, Inc. v. Conner, 176 Minn. 609, 224 N. W. 264; Converse v. Jenson, 158 Minn. 209, 197 N. W. 490; Flanigan v. Sable, 44 Minn. 417, 46 N. W. 854. And see 1 Dunnell, Minn. Dig. (2 ed.) § 1428; 4 Dunnell, Minn. Dig. (2 ed. & Supp.) § 6117; note, Beecher v. Thompson, 29 A. L. R. 699.

■ In granting the new trial the court was of the view that it did not give an adequate charge upon the question of merger. It may be. that the charge given by the court was in law sufficient. Perhaps if it had thought it adequate and had declined to grant a new trial upon the ground assigned, its holding would be sustained.

Under our practice a trial court does not grant a new trial of its own motion for omissions to charge nor for error where there is no request. Parker v. Fryberger, 165 Minn. 374, 206 N. W. 716, and cases cited; Mingo v. Holleran, 153 Minn. 521, 191 N. W. 416. But it is our holding that when the trial court is of the view that a charge on a point which was material was in error and inadequate and that there was resultant prejudice, this court yields to its view when it grants a new trial. Mingo v. Extrand, 180 Minn. 395, 230 N. W. 895, where there is a definite statement of the doctrine and a collection of our cases. The case comes within the application of this rule. We are the more ready to apply it because of the inherently confused nature of the transaction.

■ We sustain the court's denial of the defendants' motion for judgment notwithstanding. There was testimony, in the trial court's view, and we think it sustained, from which the jury might

find a merger of the $2,000 mortgage acquired from the Holt Manufacturing Company with a title acquired by it from the indemnity company, and through the foreclosure a conversion of plaintiffs' interest in the $1,050 mortgage followed. It may be a close question but one of fact as the record now stands. Reference was made to it in the preceding paragraph. We avoid a holding which will be embarrassing as the law of the case in the event that a new trial is had.

Order affirmed.

UPON APPLICATION FOR REARGUMENT.

On March 27, 1931, the following opinion was filed:

PER CURIAM.

Both parties appealed. The plaintiffs were unsuccessful on their appeal and the defendants on their appeal. Both move for a reargument.

The plaintiffs contend that we left it to the trial court to determine whether there was error and then to grant a new trial because of error. We did not intend such a thing. The language of the opinion is incomplete and unfortunate. The trial court charged upon the question of merger, and upon motion for a new trial was of the opinion that its charge was inadequate and in error and that likely the jury was prejudiced. We agreed. We cited Mingo v. Extrand, 180 Minn. 395, 230 N. W. 895, our latest case, as containing a definite statement of the applicable doctrine. The earlier cases are cited there. In its facts it is not so much like the case before us as Hartikka v. D. G. Cutler Co. 117 Minn. 344, 347, 135 N. W. 1005, 1006, where the court said:

"The trial court was of opinion that the jury was misled by this instruction, resulting in prejudice to plaintiff; and though the question is not free from doubt, in view of subsequent portions of the charge, which are exceedingly clear, we are not disposed, in view of the rule guiding us in cases of this kind, to disturb the action of the trial court. Much must be left to the sound judgment of that court upon questions of this character, and a reversal will be ordered

only when it appears that the conclusion of prejudice made the basis of the new trial was clearly without reasonable or substantial foundation. * * * If the trial court had denied a new trial, it is doubtful whether a reversal would have been ordered on this particular point. But we give force to the advantageous position of the trial court in determining the question of prejudice, and sustain the order."

With this in mind and with the cases in view we will not be understood as saying that the trial court may hold a correct instruction erroneous and then grant a new trial upon the ground of error. And a new trial—if one is had—will not be embarrassed by what we said.

The defendants fear that because of what we said in denying their motion for judgment notwithstanding they cannot assert as a matter of law upon the new trial, for which they moved and were successful in getting, the insufficiency of the evidence. If this is so it is so because such is the law. We pointed out what seemed a weak point in the plaintiffs' facts, and so far as we could sought to leave everything for a new trial. The defendants moved in the alternative for judgment or a new trial. They took the benefit of a new trial; they did not get judgment. Upon a new trial—if one is had—if the facts make applicable the rule of the law of the case, it will be applied. It may not be applicable. Marshall v. C. R. I. & P. Ry. Co. 131 Minn. 392, 155 N. W. 208. It cannot be determined now.

Motions for reargument denied.