M. WOODLIEF v. W. S. HARRIS and R. E. PARHAM.

### *Agricultural Advances—Chattel Mortgage.*

1. In order to constitute an agricultural lien under the statute, the advances must have been made in order to raise the crop to which the lien attaches.

2. It is not necessary for its validity, that a mortgage on crops then growing or to be planted, should contain a provision that the mortgagee should have the right to take possession on default.

3. Where a mortgage of a crop to be thereafter produced, described it as follows : "gives to M. W. a lien on all crops raised on lands owned or rented by me during the present year," and it was found by the jury that the mortgagor owned a farm on which the cotton in dispute was raised ; *It was held,* that the description was sufficient, and the mortgage valid.

*(Palapsco Guano Co.* v. *Magee,* 86 N. C., 350 ; *Reese* v. *Cole,* 93 N. C., 87 ; *Harris* v. *Jones,* 83 N. C., 317 ; *Atkinson* v. *Graves,* 91 N. C., 99, cited and approved).

CIVIL ACTION, tried on appeal from a justice of the peace, before *Clark, Judge,* and a jury, at October Civil Term, 1885, of WAKE Superior Court.

The action is for the recovery of the value of a bale of cotton, converted by the defendants to their own use; and on the trial before the jury, they rendered the following special verdict:

"The jury find as a special verdict, that the defendants bought three bales of cotton, raised by the mortgagor Pearce on his farm in Franklin county during the year 1883; and the jury further say, that if the Court is of opinion that the mortgage from Pearce to Woodlief of February 20th, 1883, and registered February 23d, 1883, in Franklin county, is valid as against the defendants, they return their verdict in favor of the plaintiff, and assess his damages at forty-five dollars, with interest thereon from November 7, 1883, at 8 per cent. per annum. If the Court should be of opinion that said mortgage is invalid as against the defendants, they return their verdict in favor of the defendants."

The mortgage deed referred to and made part of the verdict, is in these words : "On or before the 1st day of November next, I promise to pay M. Woodlief, of Youngsville, or order, forty-five (45) dollars, for value received in fertilizers delivered to me by M. Woodlief, agent for said ———. It is agreed that payment may be made with 450 lbs. clean white lint cotton, of the first picking, not below the grade of middling, for each ton, to be delivered to their agent at Youngsville depot; Provided it is so delivered in merchantable order, on or before the 1st day of November, 1883; after that date, the option expires, and payment will be made in currrency, at the rate of forty-five dollars per ton, with interest at 8 per cent. after maturity.

"In consideration of the contract made by———to deliver said fertilizers, and as security for this obligation, the maker of this note hereby gives M. Woodlief a lien on all crops raised on lands owned or rented by me, during the present year, pursuant to provisions of the acts of the Legislature in such cases made and provided; and also agrees to pay all costs and charges incurred in enforcing this lien and collecting the amount due. And as a further security, I do hereby convey to

him these articles of personal property, to-wit: one mule and one horse. But on this special trust, That if I fail to pay said debt on or before the first day of November, 1883, then he may sell said property, or so much thereof as may be necessary, by public auction for cash, first giving ten days' notice at three public places, and apply the proceeds of such sale to the discharge of said debt, and pay any surplus to me.

" Witness, my hand and seal, this 20th day of Feb. 1883."

The Court ruled that the instrument was inoperative; first, as an agricultural lien under the statute, because it attempts to secure a pre-existing debt; and secondly, as a mortgage at common law, for the reason that there are no conveying words, nor authority conferred to take possession of the property on default, and for the further reason, applicable to the instruments in either aspect, that it fails to describe the land on which the cotton was to be raised. Judgment being accordingly rendered for the defendant, the plaintiff appealed.

*Messrs. Jos. B. Batchelor, Jno. Devereux, Jr.,* and *D. G. Fowle,* for the plaintiff.

*Mr. Armistead Jones,* for the defendants.

SMITH, C. J. (after stating the facts). We concur in the opinion that the deed is ineffectual under the statute, and for the reason given. The advancements must be to aid in the making of the crops to which the lien attaches. *Patapsco Guano Co.* v. *Magee,* 86 N. C., 350; *Reese* v. *Cole,* 93 N. C., 87. But we differ from the Judge, as to the efficacy of the deed as a common law mortgage. In *Harris* v. *Jones,* 83 N. C., 317, it was decided that the words " convey a lien upon each and every of said crops to be cultivated and made upon the said lands," were sufficient to constitute a mortgage. In the view of a Court of equity, such is the substantial effect of a conveyance of the legal title as the security for an assumed obligation or liability. Nor is it necessary that there should be a provision for taking pos-

session of crops in case of default, since the lien may be enforced through the Courts, and possession is only required to enable the mortgagee to enforce it himself and without judicial assistance;

The other objection, that no place is described on which the crop is to be made, is not sustained by the deed. It gives a lien on all crops raised on lands *owned or rented by me during the present year.* It was executed late in February, and the special verdict describes the three bales of cotton converted by the defendants, as having been *"raised by the mortgagor Pearce, on his farm in Franklin county, during the year* 1883." The mortgagor then did have a farm of his own, and the cotton covered by the lien grew upon and was gathered from it. The conjunction "or" couples the owned and rented land, and the conveyance distributively applies to each and both. Then the grant was of such a crop as was capable of transfer, and to which the operative words would attach, as soon as it came into existence, under repeated rulings of this Court, of which the case of *Atkinson* v. *Graves,* 91 N. C., 99, furnishes an illustration. But this is not adverse to our present ruling, as the learned Judge who tried the cause in the Superior Court interpreted it. There the description was " of one bale of good middling cotton, that I may make or cause to be made, or grown, during this year," &c., without designating the land upon which it was to be grown ; and this was properly held to be too vague to pass an interest in any cotton, and was not within the compass of the restricted rule, that permits a mortgage upon an unplanted crop, which must or may have a future potential existence, as the offspring or increment of a *corpus,* in which the mortgagor has property or a right to possess, as applied to the fruits of the earth. Thus far the general rule is enlarged, which permits to be conveyed only what then existed.

There is error, and the judgment must be entered upon the special verdict for the plaintiff.

Error.                                Reversed.