Plaintiffs claimed the proceeds of a certain crop grown by Major Williams on a tract of land in Warren County for the year 1891, or a sufficiency thereof to pay their debt due from him, and which said crop passed into the possession of defendant Egerton, who had converted the same, claiming the right to do so as landlord of Williams, and for rent and advances for said year, due him as landlord.
Plaintiffs claimed to own the crop by virtue of two instruments, which were duly registered, by which Williams gave to them for (143) supplies advanced a lien upon the crop to be raised upon "Opossum Quarter (joining poorhouse) tract of land in Warren County, known as the farm Major Williams is buying from Egerton Brothers, or any other lands he may cultivate during the present year 1891." The instruments, in addition to the power to take possession of the crops after maturity, etc., conferred a power of sale of the crops in case of default in the payment by Williams of the indebtedness by a designated day. *Page 106 
Plaintiffs introduced evidence to show that the crops were grown upon the land referred to in the instruments, being the land that Williams held under contract from Egerton, and being the only land so held by Williams and farmed and controlled by him for the year 1891. There was evidence tending to show that the crops grown by Williams on the land for 1891 were worth between $100 and $200, and that the debt due plaintiffs, under the instruments, was $79.48.
Defendant Egerton admitted converting crops grown by said Williams, claiming and offering evidence that the amount was not near so large as alleged by plaintiffs.
Defendant Egerton further claimed that he was landlord of said Major Williams by virtue of an instrument or contract existing between said defendant and Major Williams, which was as follows:
"Contract made 30 December, 1887, by and between B. I. Egerton, of Macon, Warren County, N.C. of the first part, and Major Williams (a colored man), of Warren County, N.C. of the second part:
"Witnesseth, That said B. I. Egerton has leased to the said Major Williams for a term of ten years (beginning from this day) his tract of land lying in Warren County, N.C. known as the William and John Powell tract, adjoining the lands of S. P. Arrington, Mrs. Emma Egerton's heirs and others, and containing sixty-six acres; the said (144) Major Williams to pay the said B. I. Egerton, on or before 1 November of each year, beginning 1 November, 1888, and continuing to the termination of this lease, three bales cotton (lint), to weigh each 400 pounds, making a total of 1,200 pounds lint cotton, to be paid as rent for each of the ten years.
"The said B. I. Egerton agrees to and with the said Major Williams, andas an inducement for the said Williams to pay the rent promptly each year as it matures, that whenever he has been paid as much as six hundred dollars ($600), with interest on the same from this day at eight per cent, as rent on the said tract of land, that this lease is to terminate, and that he will make to the said Major Williams a good and sufficient deed in fee simple to the said tract of sixty-six acres of land, but the said Major Williams shall lose the above option if he fails to pay the said B. I. Egerton the rent of 1,200 pounds lint cotton each year. In order to ascertain when the said $600 and interest has been paid, the said B. I. Egerton is to keep a correct account of all rents paid to him by the said Williams.
"This paper-writing is to be considered as a rent bond, and all crops that may be made on the said tract of land are bound for the said rent of 1,200 pounds lint cotton, as in case of other agreements for rent between landlord and tenant." *Page 107 
Defendant testifies that he had advanced said Williams as his tenant supplies to make the crop of 1891, both directly and also by paying off a prior mortgage on the stock of said Williams, due and owing to one Pleasants Son. That defendant had paid off this mortgage to Pleasants 
Son to amount of $60, and such payment was necessary to release the stock of Williams for year 1891, and was so an advancement, for which said Egerton had a preferred lien as landlord. That the balance of the rent due defendant Egerton for the year 1891, together with the advancements made direct to Williams and in paying off the Pleasants Son mortgage, which antedated the liens of plaintiffs, were much more than sufficient to absorb the crops for the year 1891.
Defendant further contended and offered evidence tending to show that Major Williams, his tenant, had failed to pay up the stipulated rent for two or three years before 1891, and that there was a balance of rent due for said years. (145)
1. Defendant moved to dismiss the plaintiffs' cause of action, for that it appeared upon the face of the complaint that the action is one of contract, and the amount claimed being under $200, the Superior Court has no jurisdiction. Motion overruled by his Honor, and defendant excepted.
2. The witness W. G. Egerton testified (and it was not contradicted) that Major Williams paid the rent (1,200 pounds of cotton) the first year (1888); the second year (1889) he only paid 800 pounds of cotton; the third year (1890) he paid only 400 pounds of cotton, and the fourth year (1891), the crop which is now litigated, a balance of $90.91 is still due, after applying the proceeds of such part of the crop as has been paid to the defendant.
The defendant insisted that as the rent for 1891 had not been paid, the title to the crop still remained in him as landlord, and that the plaintiffs could not maintain an action against him, and moved his Honor to dismiss the action upon that ground. Motion overruled, and defendant excepted.
3. The defendant asked the court to charge the jury that the plaintiffs obtained no title to the crops raised by Major Williams by reason of the paper-writings marked Exhibits "A" and "B," for that (1) said paper-writings fail to sufficiently describe the land upon which said crops were to be grown; (2) that said paper-writings fail to comply with the provisions of the statutes creating an agricultural lien, in that they prescribe a different remedy than that allowed by statute (section 1800 of The Code), which instructions his Honor refused to give, but charged that the land was sufficiently described, and that said paperwritings did comply with the agricultural lien law. Defendant excepted. *Page 108 
There was verdict for the plaintiffs and judgment thereon in favor of the plaintiffs against defendant Egerton for $29.50, being the (146) difference between the value of the crops held by him and the amount due him for rent and advancements for the year 1891, and from this judgment defendant Egerton appealed.
Exception 1. — The action is not based on contract, and is for the recovery of property which it is averred in the complaint exceeds fifty dollars in value. The court rightly held that the Superior Court had jurisdiction. Even had the value of the property been less than fifty dollars, the Superior Court had concurrent jurisdiction. The Code, sec. 887.
Exception 2. — The action being not only for the recovery of the crops, but for the value of part of the same, alleged to have been wrongfully converted by the defendants, the court properly refused the motion to dismiss the action made, on the ground that the landlord being entitled to possession of the crops no action would lie against him. Whether he was landlord or not was a controverted point, and if landlord he was liable to account to plaintiffs for value of crops in excess of his lien.
Exception 3. — The court properly held that the paper-writings put in evidence by plaintiffs "sufficiently described the land upon which the crops were to be raised, and were a sufficient compliance with the statute creating an agricultural lien, though prescribing a different remedy from that allowed by statute. The Code, sec. 1800." On the first point, the mortgage on the crops to be raised on the farm described and "on any other lands he may cultivate during the present year 1891" was held effective in Woodlief v. Harris, 95 N.C. 211, as to the crops on the lands described (which is the case here), though void as to those raised on "any other lands." Gwathney v. Etheridge, 99 N.C. 571. As to the second point, the insertion of a power of sale upon default (147) made did not invalidate the instrument as an agricultural lien. As to the Pleasants Sons lien assigned to Egerton, the jury, in response to the issue, find that nothing was advanced thereunder.
No error.
Cited: Hurley v. Ray, 160 N.C. 379. *Page 109