S. T. PEARSON v. J. R. CRAWFORD et al.

*Action for Trespass on Land—Trial—Issues—Findings of Jury—Argument of Counsel—Discretion of Judge.*

1. The extent to which counsel may comment upon witnesses and parties must be left to the sound discretion of the trial judge and such discretion will not be reviewed on appeal unless it is apparent that the impropriety of counsel was gross and calculated to prejudice the jury.

2. In the trial of an action for trespass on land, where plaintiff claimed title under a deed and defendants denied that the grantors thereof were the true owners, the jury under an instruction that plaintiff must first establish title to the land described in the complaint and then prove its location before he could recover, found that plaintiff's title was valid; that the location of the land had not been proved to their satisfaction ; that defendants had not trespassed thereon and that plaintiff had suffered no damage ; *Held* that, under the charge, these findings and the judgment thereon, were not inconsistent or contradictory, and plaintiff cannot complain of such judgment inasmuch as his failure to recover was thereby placed on the ground of a failure to locate the land and not on the ground of any defect in his deed.

CIVIL ACTION, for trespass, commenced in the Superior Court of McDOWELL County on the 8th day of January, 1892, and removed on motion of plaintiff, to McDOWELL Superior Court, at January Special Term, 1894, of which it was tried before *Armfield, J.,* and a jury.

The plaintiff claimed that he was the owner of a tract of land in McDowell County containing 70,400 acres known as the Wm. and Robt. Tate tract or grant and that defendants had trespassed thereon by cutting and hauling off timber to the great damage of plaintiff.

The issues and material parts of the testimony, together with the portions of the charge to the jury excepted to, appear in the opinion of Associate Justice MONTGOMERY.

PEARSON *v.* CRAWFORD.

*Mr. J. B. Batchelor*, for plaintiff (appellant).
*Messrs. Justice & Justice*, for defendant.

MONTGOMERY, J.: The plaintiff moved for a new trial on the ground that the verdict was contrary to the weight of the evidence. The motion was overruled and the plaintiff excepted. There is nothing in the exception. The matter was one which ought to have been addressed to the discretion of His Honor purely.

The plaintiff's objection to the argument of defendant's counsel for the alleged reason that he abused his privilege as an attorney in speaking of the plaintiff as a speculator, buying the large boundary of land at 6¼ cents per acre, is without merit. There was proof tending to show that the plaintiff had bought the land claimed in his complaint (about 70,000 acres, wild and untillable mostly) at that price. Certainly, such an argument being intended to show that the purchase of the land at such a price, under all the circumstances, was for the purpose of future sale and profit, was not a gross abuse of his privilege. In *Goodman* v. *Sapp*, 102 N. C., 477, the Court said that a number of cases cited "and numerous other authorities settle the general principle that the extent to which counsel may comment upon witnesses and parties must be left ordinarily to the sound discretion of the Judge who tries the case, and this Court will not review his discretion unless it is apparent that the impropriety of counsel was gross and calculated to prejudice the jury."

There were no exceptions taken to any part of His Honor's charge to the jury, and no prayers for special instructions asked by either the plaintiffs or the defendants. The issues submitted to the jury were not objected to by either side, nor were any new ones suggested in the course of the trial.

We will now examine the real questions brought to this Court for settlement. They concern the form and the substance of the issues, and the nature of the judgment rendered thereon :—

Issues and responses of the jury.—1. Is plaintiff the owner of the land described in the complaint? Yes (11–12). 2. Where is the beginning corner of the Tate tract? We don't know. 3. Where is the Southwest corner of the Tate grant? We don't know. 4. Where is the North East corner of the Tate grant? We don't know. 5. Did defendants trespass on the land of plaintiff? No. 6. What damage has plaintiff sustained? None.

Upon the verdict the following judgment was rendered : "It is considered by the Court that plaintiff is the owner of the land described in the complaint, but that defendants have not trespassed on the land of plaintiff, and plaintiff has not located his tract of land described in the complaint : It is therefore adjudged that the injunction granted in this cause be dismissed, and that defendants go without day and recover of plaintiff the costs of this action."

The plaintiff excepted as follows : "Plaintiff excepts to the foregoing judgment in open Court and the rendition thereof, on the ground that it was inconsistent and contradictory, as were the issues upon which it was based, the said issues having been framed in such a way as not to entitle the defendants to any judgment thereon, and plaintiff further insisted that the finding of the first issue, Yes, must embrace the location of plaintiff's land as described in the complaint, and defendant was not entitled to have it declared in said judgment that plaintiff had not located his land." The exceptions were overruled and the plaintiff appealed.

The issues in this case are not such as are usually submitted in actions of this nature, but in the light of the charge of His Honor they are clear to a certainty and in no

sense inconsistent with each other or contradictory. They seem in connection with the charge to have been perfectly fair to the plaintiff, and more favorable to him than he might have had a right to demand. The plaintiff claimed the land described in his complaint and on which the alleged trespass was said to have been committed, through *mesne* conveyances back to a grant from the State to William and Robert Tate, dated 1795. The direct and immediate conveyance under which the plaintiff claimed was one from the heirs-at-law of Maria Nixon. The defendants contended that the real heirs of Maria Nixon did not execute the deed, and that the persons who signed it were not the Nixon heirs, and that matter seemed to the Judge to be one of so much importance on the trial that to prevent confusion he submitted the first issue to settle the question of the regularity of the paper title of the plaintiff to the land embraced in his deed. The instructions on this issue could not be misunderstood by the jury. The Court said : " In considering the first issue you will not inquire into the location of the land described in the complaint, but only as to whether the plaintiff has made out his title thereto, i. e. whether he has shown you who the heirs of Mariah Nixon are (here the testimony, the contention of the parties and the law as to this point were stated fully to the jury). There is no pretence that more than 11-12 of the interests of the heirs of Mariah Nixon were conveyed, and if you find by a preponderance of the testimony that the plaintiff is the owner of 11-12 of the land described in the complaint, you will answer the first issue, " yes, 11-12, and will proceed to consider the other issues."

The plaintiff insists that the second, third and fourth issues are not consistent with the first, and that the verdict involved a contradiction. This view of the plaintiff is a mistaken one. His Honor in his instructions on these

issues, pointed unerringly and with entire certainty to their meaning and purpose. He said : "If you answer the first issue, as to plaintiff's title, 'yes 11–12 you will then proceed to consider the second, third and fourth issues as to the location of the land claimed by plaintiff. If plaintiff establishes his title, the burden is still on him to show by a preponderance of the evidence where his land is situated— to locate it before he can recover (here ·the evidence as to location of grant was read to jury, contentions of parties stated, and jury fully instructed as to law applicable to this part of the case). If you find from the evidence that plaintiff has located any line or lines or corner of his tract, you may locate the entire boundary by following the calls in his ·grant or deeds. If there is a natural object called for found, course and distance must give way tò reach it. If plaintiff has located his tract of land you will indicate by your answers to the second, third and fourth issues the locations of the corners referred to, whether they be located where plaintiff claims, or elsewhere. If plaintiff has not satisfied you by a preponderance of the evidence of the location of any part of the boundary set out in his grant, you will answer the second, third and fourth issues, 'we don't know', and the fifth issue 'no' and the sixth issue 'nothing' ".

The jury must have understood what these issues meant, and why they were submitted in the form in which they were. And the counsel for the plaintiff were satisfied with them, for His Honor told the jury that if the plaintiff from the evidence had located *any* line or lines, or *corner* of his tract, you may locate the entire boundary by following the calls in his grant or deeds. The judgment followed in form and substance the verdict of the jury, and is not objectionable in any aspect. The paper title of the plaintiff was declared regular, but the location of the land not having been proved, the Court made these statements in the

judgment: This was favorable to the plaintiff because it put his failure to recover of the defendant on the ground of his failure to locate the land, and not on the ground of any defect in his deed. No error. The judgment is affirmed.

Affirmed.

AVERY, J., did not sit.