STATE v. A. F. SURLES.

*Indictment for Disposing of Mortgaged Property— Indictment, Counts in—Repugnancy—Chattel Mortgage —Description—Correction of Record—Trial—Remarks of Counsel—Discretion of Judge.*

1. Where an indictment for disposing of mortgaged property contained two counts, one alleging a disposal with intent to defraud G "business manager" of an association, and the other a disposal with intent to defraud G "business manager and agent" of such association, the counts are not repugnant to each other, since they relate to one transaction varied only to meet the probable proof and the Court will neither quash the bill nor force the State to elect on which count it will proceed.

2. Where, in an indictment for disposing of mortgaged crops, the lands upon which the crops were grown were described, as in the mortgage, as "18 acres on my (the defendant's) own land in A township, H county"; *Held*, that the description was sufficient to sustain a conviction for disposing of the mortgaged property.

3. Where the transcript of the order of removal of a prosecution to another county is insufficient, the proper course, on a motion to quash for such reason, is to have a writ of *certiorari* issued to the clerk of the county from which the case was removed for a full and true transcript of the record, or, in case of a motion to arrest judgment on such ground, to suspend judgment until such true transcript can be had. But, in such case, this Court may, on appeal, have such record sent up by *certiorari* to the county whence the case was removed.

4. In the trial of an indictment for disposing of mortgaged crops, with intent to defraud G, the manager of an association, the fact that G was such manager may be proven by parol though the books of such association contain a minute of his election.

5. It is within the discretion of the trial judge to permit prosecuting counsel, in argument to the jury, to make severe strictures upon the character of defendant, as disclosed by his evidence, to show that the testimony of the defendant was unworthy of credit.

6. A chattel mortgage given for a past debt, or for supplies to be afterwards furnished, is based on a sufficient consideration.

7. In the trial of an indictment under section 1089 of *The Code*, the burden is upon the defendant to disprove a criminal intent in disposing of the mortgaged property.

INDICTMENT for disposing of mortgaged property, tried before *Starbuck, J.*, and a jury, at Spring Term, 1895, of HARNETT Superior Court. The defendant was convicted and appealed. The facts sufficiently appear in the opinion of Associate Justice MONTGOMERY.

117—46

STATE *v.* SURLES.

*Mr. F. P. Jones*, for appellant.
*The Attorney General*, for the State.

MONTGOMERY. J.: The defendant was indicted in Harnett county, under section 1089 of *The Code*, for disposing of mortgaged property; and at August Term, 1893, of the Superior court of Harnett, the case was removed to the county of Johnston for trial. When the case was called the defendant moved to quash, upon the following grounds: (1) That the counts in the bill of indictment were repugnant; (2) that the description of the land in the mortgage and bill was insufficient: (3) that the transcript of the order of removal was insufficient. Upon the motion being denied by the court, the defendant excepted. There were two counts in the bill, in one of which it was charged that the defendant disposed of the property with intent to hinder, delay, and defeat the rights of "J. A. Green, business manager of the Farmers' Alliance Exchange of Harnett county," and in the other count, to hinder, delay, and defeat the said "J. A. Green, business manager and agent of the Farmers' Alliance Exchange of Harnett county." The defendant contends that the further descriptive word, "agent," in the second count, creates a repugnance and contradiction between the two. There is nothing in this position. The two counts relate to one transaction, varied simply to meet the probable proof, and the Court will neither quash nor force an election. *State* v. *Parish*, 104 N. C., 679. Besides, there is no difference between the terms "agent," and "manager," and the latter word may be treated as surplusage in this connection.

The lands upon which the mortgaged crops were grown were described in the mortgage and bill as "18 acres on my [defendant's] own land, in Averasboro township, Harnett county, North Carolina." The land was sufficiently

described.   *State* v. *Logan,* 100 N. C., 454; *Woodlief* v. *Harris,* 95 N. C., 211.

The transcript from Harnett was not sufficient in form or substance, and his Honor should have continued the cause, upon the motion to quash, and have had a writ of *certiorari* issued to the clerk of that county for a full and true transcript of the record in the case.   If the imperfection of the transcript had not been discovered until a motion in arrest of judgment, he should have suspended the judgment until a full transcript should be sent from Harnett.   This Court has, by *certiorari,* procured a full and perfect transcript from Harnett county, and it is sufficient in all respects.   This proceeding on our part finds precedent in the case of *State* v. *Craton,* 6 Ired., 164; *State* v. *Randall,* 87 N. C., 571.

In the course of the trial the defendant objected to the introduction of the mortgage, because of insufficient description of the land conveyed therein upon which the crops were grown.   This objection has been disposed of already, in discussing the motion to quash.

J. A. Green, a witness, testified that he was the business manager of the alliance and that there was a minute of his election on the books of the alliance.   The defendant insisted that this was a matter of record, and should be proved by the record itself.   His Honor overruled the objection, and his ruling was correct.   It was a collateral matter, purely, and could be proved by parol.   *State* v. *Wilkerson,* 98 N. C, 696 ; *State* v. *Credle,* 91 N. C., 647 (641.)

In the argument of the case, the solicitor, in addressing the jury concerning the defendant, who had been examined as a witness in his own behalf, made use of the following language :   "You are asked to repudiate the evidence of Mr. Green, a man of good character, and to accept in full

the evidence of this immaculate gentleman, the defendant, who defies the law with perjury. Such unblushing audacity I have never seen surpassed on the witness stand. Where a man comes on the witness stand, and tells you that he cannot remember whether he made more than one bale of cotton on 18 acres of land or not, especially under such circumstances as surround the defendant, you know that statement is perjured. You are expected to accept the statement of a man who admits that he has sneaked around in the night-time, and has induced other persons to steal horses, for which offence they have been sent to the penitentiary while he goes free." His Honor refused to restrain the solicitor, and the defendant excepted. The testimony of the defendant witness, upon which the remarks of the solicitor were based, was as follows: "Have been indicted for false pretense. Turned state's evidence on other men for horse stealing. I swear I do not recollect whether I made more than two bales on both the tracts I cultivated in 1891 or not. Sold Mr. Young 4 or 5 bales in 1891, but sold them for other peoble. Didn't sell any cotton of my own that year, except one bale to the alliance. Never told Green, if I got the procceds of the 3 bales I sold to him, I would arrange for the balance. Sold cotton in my own name. Acted detective in the horse case, with the approval of the solicitor. Acquitted in the false pretense case. Sued for malicious prosecution. Suit was compromised by my attorney." The defendant admitted that he induced other persons to go with him and steal the horses in question. Under the circumstances, his Honor properly allowed the solicitor to proceed. It was a matter left to his sound discretion, and this Court will not review his action; for, while the reflections of counsel were severe, they seem to have been war-

ranted.  *Goodman* v. *Sapp*, 102  N. C., 477 ; *Pearson* v.
*Crawford*, 116 N. C., 756.

In his charge his Honor told the jury that the mortgage
rested on a good consideration, whether it was given, as
testified by defendant, for a balance due on a former ·debt,
or whether, as testified by the witness Green, for supplies
furnished after the date of the mortgage.  The defendant
excepts, but on what ground it is not· clear.  His Honor
was correct in the ruling.  *Woodlief* v. *Harris, supra*;
*Harris* v. *Jones*, 83 N. C., 317.

The court further charged the jury: "The State must
·satisfy you beyond a reasonable doubt that the defendant
disposed of the mortgaged cotton raised on his own land—
which is the only crop in question—with intent to defeat
the rights of the mortgagee.  If you believe the defendant
disposed of the cotton to persons other than the mortgagee,
and at the time of the disposition the debt secured by the
mortgage was unpaid, then the burden is on the defendant
to satisfy you that he made such disposition without the
intent to defeat the rights of the mortgagee.  This he may
do by showing that he honestly believed he had a set-off
against the alliance for cotton delivered in 1890, and corn
sold on their order, sufficient of itself, or together with the
bale delivered in 1891, to extinguish the mortgage debt.
But you must remember that, before the defendant can be
called upon to make an explanation as to his intent in the
disposition, the fact of the disposition must be proved by
the State beyond a reasonable doubt, and also the fact that
the mortgage debt had not at the time of the disposition
been paid by the corn claimed to have been· sold by the
defendant on account of the alliance, or by the bale of the
'91 crop claimed to have been delivered, or in any other
way.  Of course, if he brought all the cotton he made on
his own land to the alliance, he is not guilty, and the State

must prove he did not do this. If he disposed of all or part of the crop, believing he had paid, or had a set-off sufficient to extinguish, the debt, he is not guilty; or if, disposing of part of the crop, he reserved enough as he believed, of itself, or together with the payments he believed he had made, or the set-off he believed he had, to satisfy the debt, he is not guilty. If, upon all the evidence in the case, you have a doubt reasonably consistent with the defendant's innocence, you will find him not guilty." The defendant excepted to that part of the charge. There was no error in the charge. It was proved on the trial that the defendant made cotton on the 18 acres of land described in the mortgage; that he had sold to other persons all that he had made, without the knowledge or consent of the mortgagee; and that he had promised to pay the debt often. It then became necessary for the defendant to disprove the criminal intent shown *prima facie* by the sale and disposal of the property so made. *State* v. *Ellington*, 98 N. C., 749. *Code*, § 1089.

There was a verdict of guilty, after which the defendant's counsel moved for a new trial for errors in the charge, as pointed out, failure to correct the solicitor in his address to the jury, and that the mortgage had been improperly recorded and probated (there were no exceptions to the registration or probate of the mortgage). The motion was denied, and the defendant appealed. There was no error in his Honor's refusal to grant a new trial. The defendant then moved in arrest of judgment, upon the grounds set forth in the motion to quash, which motion his Honor denied, and pronounced judgment, and the defendant appealed. There was no error in any of the rulings of the court, and the judgment is affirmed.

Affirmed.