F. C. GAERTNER v. WESTERN ELEVATOR COMPANY.[1]

June 19, 1908.

Nos. 15,603—(116).

**Notice of Title.**
A vendee has constructive notice of the title of his vendor, who is in actual possession of the personal property sold.

**Chattel Mortgage.**
A past indebtedness is sufficient consideration to sustain a mortgage given to secure it.

**Conversion.**
Defendant elevator company, which bought grain from plaintiff in actual possession under forfeiture on a crop mortgage, paid part of the purchase

[1] Reported in 116 N. W. 945.

price to a third person, claiming under a chattel mortgage which was expressly subject to a landlord's first lien, but which had been in fact recorded before plaintiff's. It is *held* that, in view of the actual knowledge of such third person as to plaintiff's rights, of the recitals in the mortgage having reference thereto, and of the plaintiff's possession of the grain at the time of the sale, the plaintiff was entitled to recover in conversion the amount so paid a third person.

Action in conversion in the district court for Martin county to recover $126.75. The defendant alleged a counterclaim because of payment to the International Harvester Company. A second action was brought to recover the price of other grain delivered to the Mutual Elevator Company. By stipulation of the parties the actions were tried together. The court made findings and ordered judgment in favor of defendant in both cases. From an order, Quinn, J., denying plaintiff's motion for amended findings and judgment thereon or for a new trial, plaintiff appealed. Reversed and new trial ordered.

*Mathwig & Sasse*, for appellant.

*Dean & Palmer*, for respondent.

JAGGARD, J.

This is an appeal from an order of the trial court refusing plaintiff's motion for amended findings and judgment thereon in his favor, or, in lieu thereof, for a new trial.

Plaintiff, on January 23, 1906, leased by writing a farm to one Edhlund for the farming season of 1906. Edhlund gave a chattel mortgage on all crops to be grown on the farm during said season, free from incumbrances, and other personal property, to secure three promissory notes. Two of these notes, aggregating $1,062.50, were for two overdue notes not extended; the third, in the sum of $550, was for the 1906 rent. The lease was not recorded. The mortgage was recorded January 23, 1906. The rent note due September 1, 1906, was not paid. Plaintiff, after forfeiture under the mortgage, and pursuant thereto, in effect, took possession of the crop of flax and oats grown on the farm. Part of that crop he sold and delivered to defendant elevator company, and part to another elevator company. Before defendant paid plaintiff, the International Harvester Company made claim to this grain under a chattel mortgage recorded eight days

prior to plaintiff's, given to it by Edhlund before he had any lease of the premises. This mortgage secured past-due indebtedness, the time of payment of which had been extended, inter alia, on "also all crops of every name, nature, and description now sown, or planted and to be sown, planted or grown during the crop season commencing on the first day of May next subsequent to the date of this mortgage upon the west half of section 3, township 103, range 32, county and state first aforesaid, said real estate being owned by G. G. Groger, in my possession and control, this mortgage being the first lien on all the property above described, excepting about $1,000 to the landlord; this $1,000 is not secured on anything else but the crop." At the time of the execution of this mortgage there was on file in the office of the town clerk a crop mortgage given by Edhlund to the plaintiff, dated April 8, 1905, for $1,062.50 in notes due September 1, 1905. This mortgage was admittedly void, because it did not state the year in which the crop securing the indebtedness was to be grown. It was the only mortgage on record when the harvester company's mortgage was given. Defendant paid that company a certain sum on account of its mortgage, and the balance to the plaintiff. Plaintiff brought suit in conversion against defendant to recover the amount so paid to the harvester company. The defendant's answer set up the mortgage to the harvester company as a first lien, and payment to it as a counterclaim.

A similar action was brought to recover the price of the part of this crop delivered to the other elevator company. By stipulation, the actions were tried together. The result of this appeal determines them both. The court made its findings and ordered judgment for defendant in both cases.

1. The contention of the defense is this: The proceeds of the sale to the elevator company by the defendant constituted a fund in its hands which stood in the place of the grain sold. It had a resulting right to discharge in their order the incumbrances thereon. It was its right so to do. The essential question is: Did the defendant have notice of the plaintiff's rights under his mortgage? The record discloses no such notice. The mortgage to the harvester company was first lien on the crop, except a mortgage which, under the recital in that mortgage, must possess three characteristics: It must (1) have

been in the amount of about $1,000; (2) have run to the landlord, Groger; and (3) have been secured on crops only. The mortgage under which plaintiff claims was for more than $1,000, ran, not to Groger, but to Gaertner, and was secured on other property in addition to the crop. The reference to the mortgage assumed would logically refer to the void mortgage given by Edhlund in 1905. "Under these circumstances, the defendant, not being a party to any of the mortgages under consideration, and having no notice of or knowledge of the same, except such as is acquired from the records," should "be held to have had notice and be liable to the plaintiff for the amount which it paid to the harvester company."

Defendant's position is a mistaken one. If the concession be made that the vendee could defend by showing the discharge of incumbrances on the property purchased according to their legal priority, it determined such order at its own risk. It could be in no stronger position than the harvester company would have been under its mortgage. The trial court found that "at the time of the execution of the mortgage by Edhlund to the harvester company it was understood by the parties thereto that Edhlund was to farm the premises in question during the year 1906 and to pay a cash rental for the use of the same, and that his landlord should have a first lien upon the crops raised during that year to secure the payment of the rent." Having this knowledge, the defendant, with the greatest astuteness, could scarcely elude notice of plaintiff's rights under his mortgage from the record itself. It knew from the reference to the harvester company's mortgage that such mortgage on the 1906 crop was subject to the rent lien running, not necessarily to the owner of the land, G. G. Groger, but to a landlord, who might, with entire consistency, have been some third person, as the plaintiff. Indeed, if the 1905 mortgage to plaintiff suggested anything as to a landlord's lien as defendant insists, it was that plaintiff was Edhlund's landlord. By the exercise of no reasonable ingenuity could that mortgage be construed to have been the one recited in the harvester company mortgage. The note secured by the 1905 mortgage matured in that year. That mortgage did not purport to give the landlord a lien on the 1906 crop for the 1906 tenancy. It was inconsistent with such an inference.

The harvester company, and hence the defendant, might fairly be

regarded as having known that such a mortgage was not the one recited in the harvester company mortgage, but that the harvester company mortgage was subject to another lien to a landlord to the extent of about $1,000. Whether it was notice of the larger claim contained in plaintiff's mortgage we need not inquire, for it is conceded that the crop was worth only about $1,000. No more is involved in this action.

The plaintiff, moreover, had taken possession of the grain under his mortgage. While in actual possession he had sold and delivered it to the defendant. It is clear that possession is evidence of ownership. 6 Current Law, 825. As one dealing with real estate has notice of the claims of its occupant, so one dealing with personal property has notice of the rights which the person in actual, as distinguished from constructive, possession, may have, and is subject to the duty of making all reasonable inquiries as to the state of the vendor's title. Niles v. Cooper, 98 Minn. 39, 107 N. W. 744; Wood v. West, 146 Ala. 479, 40 South. 959; 6 Current Law, 818; 8 Current Law, 1172; 24 Am. & Eng. Enc. (2d Ed.) 1176. In view of the harvester company's actual knowledge and of record notice, the delivery of possession to the plaintiff served to cure whatever insufficiency or irregularities in description occurred in the reference to the property in the harvester company's mortgage. See Eastman v. St. Anthony Falls Water-Power Co., 24 Minn. 437; Cameron v. Marvin, 26 Kan. 621, 626; Garner v. Wright, 52 Ark. 385, 12 S. W. 785, 6 L. R. A. 715.; Jones, Chat. Mort. § 178. The authorities which defendant cites as showing that plaintiff did not charge it with additional notice by the fact of actual possession define rights and liabilities of the mortgagees in certain relations, but are not inconsistent with the conclusion here reached. It follows that the elevator company had notice of plaintiff's rights as mortgagee, although it was not recorded until after the harvester company mortgage, and that these rights gave to plaintiff's mortgage, to the extent of $1,000, at least, a priority to the harvester company mortgage.

2. Nor is there merit in the position that plaintiff, seeking to recover on his mortgage, failed to bear the burden of showing that he was a mortgagee for a valuable consideration. The past-due rent was a good and legal consideration, although the time of payment of the

notes evidencing it had not been expressly extended. For whatever may be the rule in other jurisdictions, in this state, and generally, it is settled that a past indebtedness is a sufficient consideration to sustain a mortgage given to secure it. Horton v. Williams, 21 Minn. 187; Rosemond v. Graham, 54 Minn. 323, 56 N. W. 38, 40 Am. St. 336; Haugan v. Sunwall, 60 Minn. 367, 62 N. W. 398; Selover v. First Nat. Bank of Minneapolis, 77 Minn. 144, 79 N. W. 666; Knowles v. Vacher, 57 N. J. L. 490, 31 Atl. 306, 33 L. R. A. 305. No new consideration is necessary, other than such as results from the transaction itself. Elliott, J., in First Nat. Bank of Morrison v. Busch, 102 Minn. 365, 113 N. W. 898.

Other points raised in the briefs have been considered and found to be without merit.

Reversed and new trial ordered.