---

# SPRINGFIELD FIRE & MARINE INSURANCE COMPANY *v.* CHANDLEE.

---

INSURANCE; ENCUMBRANCE CLAUSE; AUTOMOBILES.

1. A provision in a policy of insurance on an automobile, that if the property insured "be or become encumbered by a chattel mortgage," the policy shall be void, is valid (following *Dumas* v. *Northwestern Nat. Ins. Co.* 12 App. D. C. 245, 40 L.R.A. 358); and if the insured so encumbered the automobile, the insurer has the right to insist that its liability under the policy became thereby terminated. (Following *Hunt* v. *Springfield F. & M. Ins. Co.* 20 App. D. C. 48.)

2. The purchaser of a chattel by absolute sale who, to enable the seller to discount the purchase money note, subsequently executes an instrument in form a contract of conditional sale, which is recorded in the manner prescribed for chattel mortgages, thereby encumbers the property, within the meaning of a provision in an insurance policy that a subsequent encumbrance shall invalidate it.

No. 2558.   Submitted November 6, 1913.   Decided December 1, 1913.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action upon an insurance policy issued by defendant on plaintiff's automobile.                       *Reversed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment for the plaintiff, Harris Ellis Chandlee, in the supreme court of the District in a suit upon a policy of insurance issued by the Springfield Fire & Marine Insurance Company, defendant, appellant here, to cover plaintiff's automobile.

On June 29, 1911, plaintiff purchased a Marion automobile from a Mr. Ebersole. He made a partial payment on the machine, and gave his note, dated June 29, 1911, for the balance, $650, payable in thirty days, and the car was delivered to him. Thereafter, on July 6, 1911, the policy here involved was issued by the defendant upon an application made about July 1st or 2d. In this policy it is provided, *inter alia,* that if the property insured "be or become encumbered by a chattel mortgage, * * * or if any change other than by the death of an assured take place in the interest, title, or possession of the subject of insurance," the entire policy shall be void. On July 5, 1911, according to plaintiff's testimony, Mr. Ebersole's agent represented to plaintiff that if he would sign a paper which the agent submitted to him, it would be easier for Ebersole to discount said note of June 29th, and plaintiff, "as a personal courtesy to him (Ebersole) in order that he might be able to raise money on the note," executed the paper and acknowledged the same before a notary public. This paper is in form a conditional contract of sale, in which it is set forth that the plaintiff has received of Ebersole one Marion automobile for which he agrees to pay $1,200, $500 upon the execution of the agreement, and the balance of $650 in monthly instalments of $50 each, title to the property to remain in Ebersole until all payments have been made. This instrument, on July 7th, was recorded in the same manner as a chattel mortgage (Code, sec. 547 [31 Stat. at L. 1275, chap. 854]), but defendant did not learn of it until after the fire. The policy of insurance, on July 8, 1911, was taken to the Providence Savings Bank, where the note had been discounted. It bears an assignment to the bank under date of July 6, 1911, but plaintiff testified he did

not actually execute this assignment until after the fire, which occurred on October 22, 1911.

At the close of the evidence the defendant asked for a directed verdict, which was refused.

*Mr. Myer Cohen* and *Mr. William G. Johnson,* for the appellant:

1. The plaintiff did not have title to the car. *Minnix* v. *Smith Bros. etc. Co.* 33 App. D. C. 245.

2. The conditional sale was within the condition of the policy, and rendered it void. *Dumas* v. *N. W. Fire Ins. Co.* 12 App. D. C. 245, 255–60; *Hunt* v. *Springfield Fire & Marine Insurance Co.* 20 App. D. C. 48.

3. The car was encumbered by a chattel mortgage. *Hunt* v. *Springfield Ins. Co.* 20 App. D. C. 50.

*Mr. Wilton J. Lambert, Mr. Rudolph H. Yealman,* and *Mr. D. W. Baker,* for the appellee.

1. Plaintiff had title to the car. *Minnix Co.* v. *Smith Bros. Typewriter Co.* 33 App. D. C. 357–364, 365; *Peabody* v. *Maguire,* 79 Me. 572.

2. It was not the intention of Ebersole, the vendor, and plaintiff, that the former retain title to the car, notwithstanding the execution of the so-called chattel mortgage. The document itself does not purport to convey plaintiff's title to the car to trustees with power of sale, or to convey the car "in trust to third persons with similar power of sale in case of the default of the mortgagor," as contemplated by the case of *Hunt* v. *Springfield Ins. Co.* 20 App. D. C. 50. Therefore, we have plaintiff with title to this car and a paper which does not purport to convey it away to anyone.

3. A defendant cannot show breach of warranty or violation of conditions, even where plaintiff has alleged fulfilment or compliance, without specially pleading the facts constituting the breach or condition relied on, whether constituting a breach of

condition precedent or a violation of a promissory or subsequent condition. 19 Cyc. 926.

4. Where the provisions of a policy are ambiguous and susceptible of two constructions, the construction most favorable to the insured will be followed. *Ins. Co.* v. *Coos Co.* 151 U. S. 452.

5. The paper writing relied upon by the appellant does not come within the meaning to be ascribed to the language of the policy relied upon to establish a breach on the part of the plaintiff.

Mr. Justice ROBB delivered the opinion of the Court:

That the provision upon which the defendant relies to void this policy is reasonable and competent for the parties to agree upon is settled. *Dumas* v. *Northwestern Nat. Ins. Co.* 12 App. D. C. 245, 40 L.R.A. 358; *Northern Assur. Co.* v. *Grand View Bldg. Asso.* 183 U. S. 308, 46 L. ed. 213, 22 Sup. Ct. Rep. 133. The sole question therefore is whether, by said instrument of July 5, 1911, plaintiff encumbered the insured property. If he did, the company had a right to insist that its liability under the policy was thereby terminated. *Hunt* v. *Springfield F. & M. Ins. Co.* 20 App. D. C. 48. Admittedly, when this instrument was executed, plaintiff owed Ebersole $650, which he was then obligated to pay in thirty days. It is familiar law that a precedent debt is a good consideration for a chattel mortgage. *Knowles Loom Works* v. *Vacher,* 57 N. J. L. 490, 33 L.R.A. 305, 31 Atl. 306; *Collerd* v. *Tully,* 78 N. J. Eq. 557, 80 Atl. 491, Ann. Cas. 1912 C, 78; *State* v. *Surles,* 117 N. C. 720, 23 S. E. 324; *Gaertner* v. *Western Elevator Co.* 104 Minn. 467, 116 N. W. 945. It is equally plain that an extension of time of payment constitutes a valuable consideration for such a mortgage. *Martin Bros.* v. *Lesan,* 129 Iowa, 573, 105 N. W. 996; *Fuller* v. *Brownell,* 48 Neb. 145, 67 N. W. 6. In the present case, there was not only a precedent debt, but an extension of time of payment, for, under the new arrangement, the plaintiff was given more time in which to pay the balance due. There

was therefore ample consideration for a chattel mortgage. Plaintiff, however, insists that, inasmuch as title had already passed, and this instrument is in form a conditional contract of sale, it is a mere nullity, and did not affect the title of the plaintiff. This contention is one that no court of justice would for a moment entertain. Whatever the form of the instrument, it is perfectly apparent that the plaintiff, when he executed it, understood that it was to be used by Mr. Ebersole in raising money. That it was so used the plaintiff admits in his testimony. Clearly, had he defaulted in the payment of the indebtedness thereby secured, the automobile could have been sold under this instrument and the proceeds applied to the liquidation of the balance due. The intent of plaintiff to vest the legal title to this chattel in Ebersole clearly appearing from the instrument which he executed, the particular form of that instrument is immaterial. The property was encumbered within the meaning of the policy.

Inasmuch as the defendant insisted upon the letter of its contract, it was entitled to a directed verdict. The judgment will therefore be reversed, with costs, and the cause remanded for further proceedings. See *Slocum* v. *New York L. Ins. Co.* 228 U. S. 364, 57 L. ed. 879, 33 Sup. Ct. Rep. 523; *Pedersen* v. *Delaware, L. & W. R. Co.* 229 U. S. 146, 57 L. ed. 1125, 33 Sup. Ct. Rep. 648                    *Reversed and remanded.*